## WRENN v. SMITH.
### No. 4955.

Court of Appeals of District of Columbia.

Argued May 6, 1930.

Decided June 2, 1930.

W. Gwynn Gardiner, of Washington, D. C., for appellant.

Clarence A. Miller and Madison L. Hill, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District, in a condemnation proceeding, confirming the award of $1,650 to H. H. Powell as lessee of a part of the condemned premises.

Appellant was the owner in fee simple of lots 38 and 39 in square 728 in the District of Columbia, improved by premises known as the Congressional Apartments. On

August 1, 1921, he executed a lease to Powell for the term of five years to a part of the building for use as a cafeteria at a rental of $175 per month, with the privilege of renewal. A renewal lease was executed for another term of five years, commencing August 1, 1926, for the same rental. This lease contained a covenant that the lessee would not sublet the premises or assign the lease without the written consent of the lessor.

On November 14, 1927, in behalf of the United States, condemnation proceedings were duly instituted against the fee and lease-hold interests. Commissioners were duly appointed and instructed, and on November 20, 1928, reported to the court; the report reciting that they had been "appointed to appraise the value of the respective interests of all persons concerned in the lands and premises involved," and that they had "personally viewed and examined said lands and premises ‥ ‥ ‥ and heard and received all evidence offered on behalf of the respective parties in interest"; that upon their personal view and examination and the evidence they appraised the value of the interest of the owner of the fee simple, "including the reversion of the portion of said parcel included in said lease, to be $212,250.00"; that, unless in the opinion of the court the provision in the lease against subletting or the assignment of the lease precluded the possibility of the unexpired term of the lease having any substantial market value, "then we appraise the value of the unexpired term of the lease of said cafe or restaurant * * * to be $1,650.00"; and, in that event, the value of the interest of the owner of the fee simple, including the reversion, to be $210,600.

The court below, being of the view "that a lease may have a real and substantial value to the lessee, even though he may have no right to assign it, and that he cannot be deprived of this property without just compensation," affirmed the award to the lessee, Powell. Thereafter appellee, as trustee in bankruptcy of Powell, was substituted as appellee.

█ Considering the assignments of error in inverse order, we will first consider the contention that the court erred in holding that the tenant was entitled to an award notwithstanding a provision in his lease preventing him from assigning, transferring, or selling it without the consent of the landlord.

The interest of a lessee for a term of years may be of very considerable value to him, notwithstanding a covenant against subletting or the assignment of the lease. Certainly the lessor may not wrongfully deprive the lessee of the value of his interest, and the lessor occupies no more favorable position in that regard under condemnation proceedings against both interests. The owner of the leasehold and the owner of the reversion together hold the fee-simple estate. Each has a distinct estate or property. The interest of the lessee is as much entitled to protection as that of the lessor. "Whatever be the method of ascertaining the values of these distinct interests, it is evident that the sum of those values must be the full value of the property taken." Gluck v. City of Baltimore, 81 Md. 315, 32 A. 515, 48 Am. St. Rep. 515; Baltimore City v. Latrobe, 101 Md. 621, 633, 61 A. 203, 4 Ann. Cas. 1005. In McMillin Printing Co. v. Railroad Co., 216 Pa. 504, 511, 65 A. 1091, 1094, the court said: "But market value is an unsatisfactory test of the value to a tenant of a leasehold interest. It is really no test at all because a lease rarely has any market value. Generally it is not assignable at the will of the tenant, and he pays in rent all that the right of occupation is worth. The right of which he is deprived, and for which he is entitled to full compensation; is the right to remain in undisturbed possession to the end of the term. The loss resulting from the deprivation of this right is what he is entitled to recover." See, also, Des Moines W. W. Laundry v. City of Des Moines, 197 Iowa, 1082, 198 N. W. 486, 34 A. L. R. 1517; Lewis on Eminent Domain (3d Ed.) § 719, p. 1256.

█ It is next contended that there was no evidence to support the finding. Appellee testified. Mr. Joseph A. Herbert, Jr., "qualified as an expert," and testified as to the value of the unexpired term of the lease. In addition, the commissioners "personally viewed and examined said lands and premises." The scope of the action of the commissioners was "not restricted to a mere consideration of the evidence and allegations of the parties, but included the exercise of those powers of judgment and observation which led to their selection as fit persons for such a position." Shoemaker v. United States, 147 U. S. 282, 305, 13 S. Ct. 361, 393, 37 L. Ed. 170. In other words, commissioners are not bound by the opinions of experts or by the apparent weight of the evidence, but may give their own conclusions. Seufferle v. Macfarland, 28 App. D. C. 94.

Decree affirmed, with costs.

Affirmed.